**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JAMES TIMOTHY WHITE,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 4:07-CV-183-Y** |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**
**AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B. PARTIES

Petitioner James Timothy White, TDCJ-ID #1098132, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Huntsville, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C. FACTUAL AND PROCEDURAL HISTORY

In November 2001 White was charged in a multicount indictment with two counts of aggravated sexual assault of a child under 14 years of age, one count of indecency with a child by contact, and one count of indecent exposure in the 213th District Court of Tarrant County, Texas, Case No. 0819864D. (Clerk's R. at 2-3.) The indictment also included enhanced and habitual offender notices. (*Id.*) On April 10, 2002, a jury found White guilty of two counts of aggravated sexual assault of a child and one count of indecency with a child by contact and true to the habitual offender allegation. (*Id.* at 150.) On April 11, 2002, White received mandatory life sentences under Texas Penal Code § 12.42, the sentences to run concurrently. (*Id.* at 150-51.) The Second District Court of Appeals of Texas affirmed the trial court's judgment on March 6, 2003. *White v. Texas*, No. 2-02-143-CR, slip op. (Tex. App.–Fort Worth Mar. 6, 2003). In turn, on June 4, 2003, the Texas Court of Criminal Appeals refused White's petition for discretionary review. *White v. Texas*, PDR No. 592-03. White did not seek writ of certiorari. (Petition at 3.)

White has filed or attempted to file four state habeas applications. He attempted to file his first state habeas application on June 8, 2004, but the Texas Court of Criminal Appeals dismissed the application for noncompliance with the Texas Rules of Appellate Procedure. *Ex parte White*, Application No. 59,871-01, at cover; TEX. R. APP. P. 73.1 & 73.2. White attempted to file his second state habeas application, Application No. 59,871-02, on September 16, 2004, but the Texas Court of Criminal Appeals again dismissed the application for noncompliance with the form requirements of the Texas Rules of Appellate Procedure. *Ex parte White*, Application No. 59,871-02, at cover. On September 16, 2004, and December 28, 2004, respectively, White successfully filed his third and fourth applications, Application Nos. 59,871-03 and 59,871-04, but the Texas Court

of Criminal Appeals denied relief in a published opinion on January 10, 2007. *Ex parte White*, 211 S.W.3d 316 (Tex. Crim. App. 2007). White filed the instant petition on March 16, 2007.[1] As ordered, Quarterman has filed a preliminary response with supporting brief and documentary evidence addressing only the issue of limitations, to which White has replied.

D. ISSUES

In a single ground, White claims that application of § 12.42 of the Texas Penal Code to his case violates the prohibition against ex post facto laws. (Federal Pet. at 7 & Pet'r Memorandum in Support.)

E. RULE 5 STATEMENT

Quarterman asserts that resolution of the exhaustion requirement is not necessary pending the court's disposition of his limitations defense. (Resp't Answer at 2 n.2.)

F. STATUTE OF LIMITATIONS

Quarterman argues that White's federal petition for writ of habeas corpus is barred by the one-year statute of limitations. (*Id.* at 4-6.) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding, under prison mailbox rule, pro se habeas petition filed when papers delivered to prison authorities for mailing).

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Because White challenges his 2002 convictions and sentences, the statutory provision set forth in subsection (A) governs when the limitations period in this case began to run, *viz.*, the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. *See id.* § 2244(d)(1)(A). The trial court's judgment of conviction became final upon expiration of the time White had for seeking certiorari in the United States Supreme Court on September 2, 2003. *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13. Thus, the federal limitations period began on September 3, 2003, and expired one year later on September 3, 2004, absent any applicable tolling.

White's first and second state habeas applications were not "properly filed" and did not operate to toll the limitations period under § 2244(d)(2). For purposes of § 2244(d)(2), a state habeas application is "filed," as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record. *See Artuz v.*

*Bennett*, 531 U.S. 4, 8 (2000). And an application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. *Id.* These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. *Id.*; *Villegas v. Johnson*, 184 F.3d 467, 469-470 (5th Cir. 1999). White's first and second state habeas applications were dismissed by the Texas Court of Criminal Appeals for noncompliance with the form requirements of rule 73.1 of the Texas Rules of Appellate Procedure. Thus, they were not properly filed for purposes of § 2244(d)(2) and did not operate to toll the federal limitations period. Nor do White's third and fourth state habeas applications, filed after the limitations period had already expired, operate to toll the limitations period for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Nor has White asserted a valid reason for his failure to file his petition in a timely manner, and the record reveals none. Equitable tolling of the federal limitations period is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). White asserts that he is actually innocent of the felony conviction used for enhancement purposes and/or the enhanced sentences, thus to time-bar his petition would constitute a miscarriage of justice. (Pet'r Reply at2, 5.) Claims of actual innocence of a crime or penalty, however, do not justify equitable tolling of the limitations period. *See Felder v. Johnson*, 204 F.3d 168-71 (5th Cir. 2000); *Dewberry v. Director, TDCJ-CID*, No. 6:06-CV-124, slip copy 2006 WL 3759887, at *8 (E.D.Tex. Dec. 18, 2006); *Arreaga v. Quarterman*, No. EP-05-CA-302-KC, slip copy, 2006 WL 3063930, at *3 (W.D.Tex. Oct. 25, 2006.)

White's federal petition was due on or before September 3, 2004. His petition filed on March 16, 2007, is therefore untimely.[2]

## II. RECOMMENDATION

White's petition for writ of habeas corpus should be dismissed as time barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until May 31, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

[2]White asserts he placed his initial federal petition and application to proceed in forma pauperis in the prison mailing system on February 27, 2007, and the pleadings were received by this court for filing on March 2, 2007, but erroneously returned to him. (Pet'r Reply at 6-8.) Even if White's assertions are correct, it makes no difference in the court's determination of the limitations issue.

**IV. ORDER**

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until May 31, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 10, 2007.

/s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE