IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JAMES TIMOTHY WHITE, § | |
|     Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO.4:07-CV-183-Y |
| § | |
| NATHANIEL QUARTERMAN, Director, § | |
| T.D.C.J., Correctional § | |
| Institutions Division, § | |
|     Respondent. § | |

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS

In this action brought by petitioner James Timothy White under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on May 10, 2007; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on June 4, 2007.

The Court, after *de novo* review, concludes that Petitioner's objections must be overruled, and that the petition for writ of habeas corpus should be dismissed with prejudice as time-barred pursuant to 28 U.S.C. § 2244(d)(1)-(2), for the reasons stated in the magistrate judge's findings and conclusions, and as set forth herein.

In his written objections to the magistrate judge's report and recommendation that this petition be deemed time-barred, White asserts that he should be entitled to equitable tolling of the limitations period for the time his initial writ applications were pending before being dismissed for noncompliance with state rules

because he diligently attempted to file, and because the office of the Texas Department of Criminal Justice-State Counsel for Offenders (TDCJ-Offender Counsel") would not assist him.

The one-year limitation for filing a petition under § 2254 is subject to equitable tolling.[1] The burden is on the petitioner--here White--to show rare, exceptional and/or extraordinary circumstances beyond his control that made it impossible for him to timely file a § 2254 petition.[2] The Fifth Circuit has held that "'equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'"[3] A "'garden variety claim of excusable neglect'" does not support equitable tolling.[4] "Ignorance of the law, even for an incarcerated *pro se* prisoner," generally does not warrant equitable tolling.[5]

As to White's argument that he should be afforded equitable-tolling credit for the alleged inaction by the TDCJ Offender Counsel, that office did not represent White, and even if so, the Court of Appeals for the Fifth Circuit has expressly noted: "[I]f there were ever any doubt that an attorney's error or neglect does

---

[1] *See Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998), *cert. den'd,* 526 U.S. 1074 (1999); *see also Felder v. Johnson,* 204 F.3d 168, 171-72 (5th Cir. 2000), *cert. den'd,* 531 U.S. 1035 (2000); *Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999), *cert. den'd,* 531 U.S. 1164 (2001).

[2] *See United States v. Patterson,* 211 F.3d 927, 930 (5th Cir. 2000) (statute can be tolled in "rare and exceptional" circumstances); *see also Davis,* 158 F.3d at 811 (same).

[3] *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999),*cert. den'd,* 529 U.S. 1057 (2000)(quoting *Rashidi v. American President Lines,* 96 F.3d 124, 128 (5th Cir. 1996)).

[4] *Id.*

[5] *See Fisher,* 174 F.3d at 714.

2

not warrant equitable tolling, our recent decision in *Cousin v. Lensing,* 310 F.3d 843 (5th Cir. 2002) erased it:`[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified.'"[6] Further, as to his claim that equitable tolling should lie for the time he sought relief through state applications for writ of habeas corpus that were not properly filed under state rules, the Firth Circuit has rejected similar arguments in *Larry v. Dretke,*[7] *Edwards v. Dretke,*[8] and *Gundrum v. Quarterman.*[9] White's objections based upon a claim for equitable tolling are overruled.

Therefore, the findings, conclusions, and recommendation of the magistrate judge should be, and are hereby, ADOPTED.

Petitioner James Timothy White's Petition for Writ of Habeas Corpus is DISMISSED WITH PREJUDICE.

SIGNED June 11, 2007.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[6] *United States v. Riggs,* 314 F.3d 796, 799 (5th Cir. 2002), *cert den'd,* 123 S.Ct. 2630 (2003).

[7] *Larry v. Dretke,* 361 F.3d 890, 897 (5th Cir. 2004)(rejecting petitioner's claim that because state court held his application for over a year he was mislead or prevented from asserting his rights: "[L]arry's own action of filing his state habeas application before his judgment was final, rather than any action taken by the state court, prevented him from asserting his rights.")

[8] *Edwards v. Dretke,* 116 Fed. Appx. 470, 471 (5th Cir. October 6, 2004) ("Edwards has failed to allege circumstances warranting equitable tolling from the time he initially filed his state habeas corpus application to the time that application was returned to him for noncompliance."), *citing Felder,* 204 F.3d at 170-71; *Coleman v. Johnson*, 184 F.3d at 402.

[9] *Gundrum v. Dretke,* 191 Fed. Appx. 313, 314 (5th Cir. July 24, 2006)("Gundrum provides not explanation for this delay [in waiting to seek habeas corpus relief]").

3